GUSTAVE WEISSBOUM, Respondent, *v.* MAX SOLOMON, Appellant.

*Proof of an admission of liability for lost garments by an expressman, who sues for money due under a contract for their delivery.*

In an action upon a contract by which the plaintiff, an expressman, agreed with the defendant, a manufacturer of clothing, to deliver unmade garments to persons who were to make them up, in which the defendant interposes a counterclaim for the value of certain garments which he claimed that the plaintiff had lost, it is error for the court to refuse to allow the defendant to ask a witness questions tending to show that the plaintiff admitted that he was responsible for the loss of the garments and was going to pay the defendant therefor.

APPEAL by the defendant, Max Solomon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 6th day of April, 1900, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of April, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Henry L. Franklin,* for the appellant.

*William O. Miles,* for the respondent.

GOODRICH, P. J.:

The plaintiff, an expressman, agreed with the defendant, a manufacturer of clothing, to deliver unmade garments to persons who were to make them up, the plaintiff to have one cent for each garment delivered. The defendant agreed to, and subsequently did, collect of the makers the sum of one hundred and one dollars and twelve cents, of which ten dollars was paid to the plaintiff, who brings this action to recover the balance, ninety-one dollars and twelve cents. The defendant counterclaimed the value of thirty-seven skirts, amounting to about one hundred and fifty dollars, insisting that he delivered them to the plaintiff and that the plaintiff lost them. The main contention at the trial grew out of the counterclaim. The plaintiff had a verdict for ninety-one dollars and twelve cents, and the defendant appeals from the judgment entered thereon.

There are two exceptions to the exclusion of evidence offered by the defendant. They are found in the following: Lowenstein,

another expressman and a witness for the defendant, testified that Weissboum asked him some questions about the thirty-seven skirts and their loss, and was asked: " Q. Did Mr. Weissboum tell you that he was going to pay for it ?   [Objected to ; objection sustained ; exception.] "

Leipsich, another witness for the defendant, was examined, when the following occurred: ".Q. Did you have any conversation with Mr. Weissboum about 37 skirts lost last March ?   [Objected to as irrelevant and immaterial;  objection sustained; exception.]   Q. Did Mr. Weissboum tell you that Mr. Solomon discharged him ? A. Yes, sir.  . [Objected to as irrelevant and immaterial; objection sustained ; exception.]   Q. Did he tell you that he was going to pay for these 37 skirts ?   [Objected to ; objection sustained ; exception.] "

Some of these questions called presumably for an answer that the plaintiff admitted that he was responsible for the loss of the thirty-seven skirts and was going to pay the defendant therefor. Such evidence might have materially affected the verdict, and the exclusion was error for which the judgment should be reversed.

All concurred, except Bartlett, J., absent.

Judgment and order reversed and new trial granted, costs to abide the event.